UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARREL CHARLES | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| ANADARKO PETROLEUM | § | |
| CORPORATION, GULF ISLAND | § | |
| FABRICATION, INC. and | § | |
| DOLPHIN SERVICES LLC | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Darrel Charles ("Plaintiff"), complaining of Defendants Anadarko Petroleum Corporation ("Anadarko"), Gulf Island Fabrication, Inc. ("Gulf Island"), and Dolphin Services LLC ("Dolphin"), and, for cause of action, would respectfully show this Honorable Court as follows:

### I. PARTIES

1.1   Plaintiff Darrel Charles, is a U.S. citizen and resident of Louisiana.

1.2   Defendant Anadarko Petroleum Corporation, is a Delaware corporation with its principal place of business in this District, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1.3   Defendant Gulf Island Fabrication, Inc., is a foreign corporation with its principal place of business in this District, doing business in this District, Division, and the state of Texas

for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1.4     Defendant Dolphin Services LLC, is a foreign limited liability company, with its principal place of business in this District, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.  JURISDICTION

2.1     This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C.A. § 1301, *et seq*.

## III.  VENUE

3.1     Venue is proper in this OCSLA Action pursuant to 28 U.S.C. §1391, as one or more defendants reside in this District.

## IV.  FACTS

4.1     On or about November 1, 2014, Plaintiff was working as a technician for Stranco Services LLC, and was injured while working with malfunctioning equipment on Anadarko's platform in the Lucius structure offshore Gulf of Mexico, at the direction of Gulf Island and/or Dolphin, which caused him to fall backward onto scaffolding on the platform.

4.2     Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of

Defendants, their agents, servants and/or employees, including Defendants' "company man", who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

4.3     Plaintiff would further show that Defendants had custody or control of the platform, and were responsible for maintaining the platform and its equipment in a reasonably safe condition, free form hazards that would expose the Plaintiff to injury.

4.4     Defendants also maintained control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff.  Defendants had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed.  Further, Defendants were in overall charge of safety at the job site in question, and owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question, was done in a safe and prudent manner.

## V.  CAUSE OF ACTION

### A.     NEGLIGENCE AND GROSS NEGLIGENCE

5.1     As stated above, on or about November 1, 2014, Plaintiff sustained severe and disabling injuries while working on the platform.

5.2     Defendants are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence, gross negligence, and/or conditions attributable to it, directly and/or vicariously, by and through their agents, representatives and/or employees, in one or more of the following particulars:

    (a)    Failing to maintain the equipment on the platform in a reasonably safe condition;

    (b)    Failing to maintain the platform, equipment and/or scaffold in a reasonably safe condition;

    (c)    Failing to warn the Plaintiff of the unreasonably dangerous condition of the platform and/or its equipment;

    (d)    Other acts so deemed negligent, particulars to be shown at trial of this cause.

5.3    As a result of Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.4    Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

5.5    In addition to the above negligent acts, Defendants acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.6    Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

## VI.  DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

- (a) physical disability sustained by Plaintiff from the date of injury to the time of trial;

- (b) future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

- (c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

- (d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

- (e) loss or earnings sustained by Plaintiff from the date of injury to time of trial;

- (f) loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

- (g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

- (h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

- (i) past and future physical disfigurement;

- (j) past and future physical impairment; and

- (k) punitive damages.

## VII. INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1     Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a)     that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b)     that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and

(c)     for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656
Email:         marcus@spaglaw.com

**OF COUNSEL**

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656
    ***Attorneys for Plaintiff***